IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROGER GAMBREL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 112-126 |
| | ) (Formerly CR 109-003) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 9).[1] In the R&R, the Magistrate Judge recommended granting Respondent's motion to dismiss Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 5.) The Magistrate Judge concluded that the § 2255 motion should be dismissed without an evidentiary hearing because Petitioner's claims were barred from review, lacked merit as a matter of law, or were otherwise affirmatively contradicted by the record. (Id. at 7-8.) The Magistrate Judge then found that Petitioner's claims in Grounds One and Two of his motion alleging that he had received ineffective assistance of counsel before he entered his guilty plea and that his guilty plea was not knowing and voluntary lacked merit. (Id. at 10-23.) The Magistrate Judge also found that Petitioner knowingly and

---

[1] Petitioner requested, and was granted, an extension of time in which to object to the R&R. (Doc. nos. 7, 8.)

voluntarily waived his rights to appeal and collaterally attack his sentence, such that his claims in Ground Three concerning the "unreasonableness" of his sentence and ineffective assistance of counsel at sentencing were barred from review. (Id. at 8-10.) Finally, the Magistrate Judge found that Petitioner's claim in Ground Four that he received ineffective assistance of counsel on appeal lacked merit. (Id. at 23-25.)

None of Petitioner's objections, the majority of which are a reiteration of the contentions he made in his § 2255 motion, provide any reason to depart from the conclusions in the R&R. Petitioner primarily disputes the Magistrate Judge's finding that he was not entitled to an evidentiary hearing, as he contends that the Magistrate Judge "focused on the record," but that matters "outside the record" are necessary to resolution of his claims.[2] (See doc. no. 9, pp. 4-6.) The Court agrees with the Magistrate Judge, however, that Petitioner's proffered allegations are either affirmatively contradicted by the record – namely, his sworn testimony at his Rule 11 hearing – or otherwise, even if taken as true, fail to show that he is entitled to relief. (See doc. no. 5, pp. 7-8, 20-22.) Accordingly, there is no need for an evidentiary hearing. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989); Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002).

Petitioner also repeatedly asserts that his retained counsel was ineffective for failing to inform him of the specific enhancements that would be applied to his sentence after he was convicted and that his guilty plea was not knowing and voluntary because of his ignorance of these enhancements. (See doc. no. 9, pp. 2, 3, 11, 18, 24-29.) Petitioner

---

[2]Petitioner has presented two affidavits, his own and that of Connie S. Lutz, which purport to provide factual support for the allegations in his § 2255 motion and objections. (See doc. no. 9, pp. 32-43.)

2

ignores, however, the Magistrate Judge's well-supported conclusions, with which the Court agrees, that Petitioner's alleged ignorance of his sentencing enhancements, even if true, fails to establish either ineffective assistance of counsel or that his guilty plea was not knowing and voluntary. See doc. no. 5, pp. 15-18, 21 & n.14; United States v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (*per curiam*); United States v. Herrington, 350 F. App'x 363, 369 (11th Cir. 2009) (*per curiam*).

Among his lengthy, repetitive objections, Petitioner also attempts to raise two new claims. The Court need not consider matters raised for the first time in objections. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir.), *cert. denied*, 129 S. Ct. 2747 (U.S. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so); see also Garey v. United States, 5:08-CV-90024-CDL, 2010 WL 2507833, at *1 (M.D. Ga. June 15, 2010) (noting that district court has discretion to refuse to consider new claim raised in objections). In any event, exercising its discretion to consider these new claims, the Court finds that they are devoid of merit.

Petitioner first contends that counsel did not inform him of the potential for a life term of supervised release, and that, had he known of this penalty (as well as his sentencing enhancements), he would have "opted for a jury trial." (Doc. no. 9, p. 12.) The Magistrate Judge already addressed Petitioner's claim concerning the sentencing enhancements, but Petitioner is only now asserting for the first time that he was unaware of the potential for a life term of supervised release. At Petitioner's Rule 11 hearing, however, the undersigned clearly explained to him, *before* he entered his guilty plea, that one of the penalties he would be subject to if he pled guilty was a supervised release term of five years to life. See United

3

States v. Gambrel, CR 109-003, doc. no. 60, p. 15 ("CR 109-003"). Armed with that information, Petitioner nonetheless chose to proceed and plead guilty. Id. at 20, 29. Thus, Petitioner fails to establish either that counsel was ineffective or that his guilty plea was not knowing and voluntary. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Moriarty, 429 F.3d 1012, 1019-20 (11th Cir. 2005).

Petitioner also raises a new claim about the application of enhancements to his sentence, arguing that a higher standard of proof than preponderance of the evidence should have been required. (See doc. no. 9, pp. 13-18.) This claim, however, is barred by Petitioner's valid waiver of his right to collaterally attack his sentence.[3] See CR 109-003, doc. no. 31, p. 6; Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

Petitioner's remaining objections are likewise without merit and do not warrant further discussion. As a result, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondent's motion to dismiss is **GRANTED**, (doc. no. 3), and the instant motion filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** without an evidentiary hearing.

Furthermore, a federal prisoner must obtain a certificate of appealability ("COA")

---

[3]Petitioner's related argument, that the enhancements to his sentence should have been charged in his indictment or delineated in his plea agreement, (doc. no. 9, pp. 18, 27-28), appears to be a reiteration of his contention that his guilty plea was not knowing and voluntary because he was ignorant of his sentencing enhancements. Even assuming *arguendo* that such a claim is not barred by Petitioner's valid collateral attack waiver, however, "unindicted conduct can serve as a basis for sentencing enhancements." United States v. Chavers, 416 F. App'x 863, 866 (11th Cir. 2011) (*per curiam*) (no merit to constitutional challenges to district court's imposition of sentencing enhancements not pled in the indictment) (citing United States v. Nyhuis, 8 F.3d 731, 744 (11th Cir. 1993)).

4

before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation and this Order, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 30th day of July, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.